FILED
United States Court of Appeals
Tenth Circuit

May 21, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ALTON JOHN SMITH, also known as
Austin O. Ikeme,

        Defendant - Appellant.

No. 14-1054
(D.C. Nos. 1:11-CV-02850-WYD and
1:09-CR-00157-WYD-1)
(D. Colorado)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON,** and **PHILLIPS**, Circuit Judges.

Alton John Smith, proceeding pro se, seeks a certificate of appealability

(COA) to appeal the district court's denial of his motion to vacate, set aside or

correct his sentence pursuant to 28 U.S.C. § 2255. A COA is a jurisdictional

prerequisite to our review of the district court's denial of a § 2255 motion, and it

will issue only if the applicant makes "a substantial showing of the denial of a

constitutional right." 28 U.S.C. 2253(c)(1)(B) and (c)(2). He has not done so.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Accordingly, exercising jurisdiction under 28 U.S.C. § 1291, we deny the application and dismiss this matter.

In 2010 a jury found Mr. Smith guilty of defrauding Wells Fargo Bank ("Wells Fargo") and Security Service Federal Credit Union ("Security Service"), and he was subsequently sentenced to 60 months of imprisonment. On direct appeal this court affirmed his conviction and sentence. *United States v. Smith,* 431 Fed. Appx. 617 (10th Cir. 2011) (unpublished). The facts of the case are extensively detailed in that decision and it is unnecessary to repeat them here.

On March 6, 2012, Mr. Smith filed an amended § 2255 motion in the district court. In it he asserted various issues, including, as relevant here, an ineffective assistance of counsel claim in which he argued that his counsel failed to investigate and show that Colorado Mortgage Alliance and Centennial Leasing and Sales, two subsidiaries of Wells Fargo and Security Service that had handled part of his fraudulently obtained loans, were not FDIC insured and did not qualify as "financial institutions" under 18 U.S.C. § 1344. In an extensive opinion issued on December 18, 2013, the district court denied the motion, and subsequently denied Mr. Smith's motion to proceed *in forma pauperis* ("*ifp*") on appeal.

In his Combined Opening Brief and Application for a Certificate of Appealability filed in this court, Mr. Smith does not assert an ineffective assistance of counsel claim. Rather, he states that "The sole issue raised is whether the District Court had federal jurisdiction in this case, due to the

government's failure to establish that the defrauded entities Colorado Mortgage Alliance ("CMA") and Ferreno Chrysler Jeep Dodge (FCJD), were FDIC Insured." Br. at 3. In short, Mr. Smith now attempts to raise a sufficiency of the evidence claim. For this and other reasons he faces multiple procedural bars. However, in the interests of brevity we need only point out that this court addressed this argument on direct appeal and rejected it as frivolous. We stated:

> While Colorado Mortgage Alliance and Centennial Leasing and Sales may have initially furnished Mr. Smith the application forms and otherwise facilitated his loans, neither Colorado Mortgage Alliance nor Centennial Leasing and Sales ultimately loaned him the money from which a loss occurred due to Mr. Smith's fraudulent conduct. Therefore, the government was not required to provide evidence showing Colorado Mortgage Alliance and Centennial Leasing and Sales were "FDIC-insured" or "financial institutions." Accordingly, even if considered on appeal, Mr. Smith's pro se argument is frivolous.

*Smith*. 431 Fed. Appx. at 627-28.

This decision stands as the law of this case relative to the issue Mr. Smith attempts to raise again here. *See Abernathy v. Wandes,* 713 F.3d 538, 549, 550 n.11 (10th Cir. 2013). And, even if we were generously to recast his contention in terms of an ineffective assistance of counsel claim it would still be unavailing since counsel is not ineffective for failing or refusing to pursue a frivolous issue. *See Johnson v. Cockrell,* 306 F.3d 249, 255 (5th Cir. 2002).

Accordingly, we DENY Mr. Smith's motion to proceed *ifp*, DENY his application for a COA, and DISMISS this matter.

Entered for the Court

Stephen H. Anderson
Circuit Judge